IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

Bruce Wettland, individual

    Plaintiff,

vs.

Cause No.: 3:20CV825 JD-MGG

Ford Motor Company,
a Foreign Profit Corporation and
Jayco, Inc.,
a Domestic Profit Corporation,

    Defendants.

**JURY TRIAL DEMANDED**
**FIRST AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Bruce Wettland, by and through his attorneys, Lemon Law Group Partners PLC, and submits the following as his First Amended Complaint against Defendants Ford Motor Company and Jayco, Inc.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Bruce Wettland is an individual residing at 31722 SE Kent Kangley Road, Revensdale, Washington 98051.

2. Defendant Jayco, Inc. is a domestic profit corporation with a principal place of business located at 903 S. Main Street, P.O. Box 460, Middlebury, Indiana 46540 (hereinafter "Defendant Jayco"). This Defendant may be served with process by serving its registered agent, CT Corporation System, 334 N. Senate Avenue, Indianapolis, Indiana 46204.

3. Defendant Ford Motor Company is a foreign profit corporation with a principal place of business located at 1 American Road, Dearborn, Michigan 48126 (hereinafter "Defendant Ford").  This Defendant may be served with process by serving its registered agent, CT Corporation System, 334 N. Senate Avenue, Indianapolis, Indiana 46204.

4. The transactions and occurrences involved in this action took place in the State of Indiana, County of Marion.

## COMMON AVERMENTS

5. On or about June 29, 2018, Plaintiff purchased a 2018 Jayco Precept motorhome, VIN 1F66F5DY7J0A07618 (the "Subject Vehicle") from an Authorized Dealership.  Please see Exhibit A:  Purchase Agreement.

6. At the time of purchase, the Subject Vehicle was accompanied by factory warranties which, in relevant part, provided for a 2 (two) year Jayco limited warranty and a 3 (three) year/36,000 mile Ford chassis warranty (the "Warranties").  Please see Exhibit B: Pertinent Portion of Warranties.  Warranties in their entirety are in Defendants' possession.

7. The Subject Vehicle was purchased primarily for personal, family, and/or household purposes.

8. Defendants' warranties covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

9. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

10. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

Shortly after purchase, Plaintiff noticed numerous defects in the vehicle, including defects in the living portion of the vehicle as well as defects in the chassis. The defects in the living portion of the vehicle include but are not limited to: molding above kitchen sink falling off, hallway wall panel outside bathroom bulging out, slide will not go out all the way, slide molding appears as if it will break, wires bulging out underneath slide, screws broken off in dashboard, threshold screw defects, plug-in outlet behind sofa loose, awning must be forced shut, lock tumbler for shore cord door inoperable, shore cord inlet not big enough for cord, exterior refrigerator trim fell apart, driver seat not centered, hot water tank inoperable, heat pump will not work on gas, dashboard rattle in transit, overhead bed rails broken, windshield leaking and water puddling inside bottom, whistle from windshield in coach when traveling, refrigerator inoperable when slide is out, awning requires assistance to extend or retract, windshield wiper defects, coach entry door will not close, and trim from bedroom fell off while traveling. The defects in the chassis include but are not limited to: front end of vehicle wobbling while driving, vehicle shaking badly while driving despite numerous repair attempts, vehicle pulls to the right while driving despite numerous repair attempts, steering wheel not centered after alignment, chassis frame separating at weld, vehicle drifts to the right at slow speeds, vehicle pulls right at all speeds and over bumps, exhaust rattle, vehicle pulls left and right very hard, and vehicle shakes at 55 – 70 miles per hour. Plaintiff returned the vehicle to Authorized Dealerships for repair of defects in both the living portion of the vehicle and the chassis on at least 5 (five) occasions. Please see Exhibit C: Repair Orders.

11. Authorized Dealerships have test driven the vehicle and made repairs to the vehicle, however, the defects continue to exist. During said repairs the Subject Vehicle was out of service for at least 240 (two hundred forty) days.

12. Despite the prolonged time during which Authorized Dealerships were given the opportunity to repair Plaintiff's Vehicle, Authorized Dealerships failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.  The defects experienced by Plaintiff with the Subject Vehicle substantially impaired its use, value, and safety to the Plaintiff, and have shaken the Plaintiff's faith in the vehicle to operate as dependable transportation.

13. Despite Plaintiff's repeated efforts to allow Defendants the opportunity to conform the Subject Vehicle, many nonconforming and defective conditions were not repaired, and still exist.

14. The Vehicle still has issues including the vehicle shaking and pulling to the left and right while driving, as well as interior defects.

15. Plaintiff directly notified Defendants of the defective conditions of the vehicle on numerous occasions and that he desired a buy-back of the Subject Vehicle, wherein Defendants failed and refused to buy back Plaintiff's defective Vehicle and to reimburse Plaintiff pursuant to his rights under State and Federal Laws.  Please see Exhibit D: Written Notification, and Exhibit E: Return Receipt.

16. This cause of action arises out of the Defendants' breaches of warranty and contract and violations of the enclosed statutes, as set forth in this Complaint.  Plaintiff seeks judgment against Defendants in whatever amount Plaintiff is entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.

17. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## COUNT I
## BREACH OF FACTORY WARRANTY

18. Plaintiff fully repeats and incorporates Paragraphs 1 through 17, as set forth above.

19. Defendant Jayco extended to Plaintiff a 2 (two) year limited warranty, and Defendant Ford extended to Plaintiff a 3 (three) year/36,000 mile chassis warranty ("Warranties").

20. Plaintiff, seeking to repair the Subject Vehicle, attempted to exercise Plaintiff's rights under the Warranties.

21. Defendants have failed to honor the terms of the Warranties.

22. Defendants have failed or refused to repair the issues which include the vehicle shaking and pulling to the left and right while driving, as well as interior defects.

23. As a result of the actions set forth above, Defendants have breached their warranties.

24. As a result of Defendants' breach of warranty, Plaintiff has, and will continue to, suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendants in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

25. Plaintiff fully repeats and incorporates Paragraphs 1 through 24, as set forth above.

26. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

27. Plaintiff is a "consumer" as defined by 15 USC § 2301(3).

28. Defendants are "supplier"s and "warrantor"s as defined by 15 USC § 2301(4)(5).

29. The Subject Vehicle is a "consumer product" as defined by 15 USC § 2301(6).

30. 15 USC § 2310(d)(1)(A), requires Defendants, as warrantors, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

31. The actions of Defendants as hereinabove described, in failing to tender the Subject Vehicle to Plaintiff free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiff, constitute a breach of the written warranties covering the Subject Vehicle; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

32. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendants, Defendants have failed and refused to cure any defects and non-conformity with the Subject Vehicle.

33. As a result of Defendants' breach of factory warranty as set forth above, and Defendants' failure to honor its obligations under their warranties, Plaintiff has, and will continue to, suffer damages as enumerated above.

34. Defendants had a reasonable opportunity to remedy the defects in the vehicle but have failed to do so, thereby entitling Plaintiff to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

35. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(1) For actual damages according to proof at trial;

(2) For a refund of the purchase price of Subject Vehicle;

(3) For Defendants to accept return of Subject Vehicle;

(4) For attorney's fees and costs of suit incurred herein;

(5) For such other and further relief as the court deems just and proper under the circumstances;

(6) That all issues be tried before a jury.

Dated: February 15, 2021

Respectfully submitted,

LEMON LAW GROUP PARTNERS PLC

By: ___/s/ Sara Douglas___
Sara Douglass, Esq.
Lemon Law Group Partners PLC
3323 NE 163rd Street, Suite 504
North Miami Beach, Florida 33160
Telephone No.: (888) 415-0610
Facsimile No.: (888) 809-7010
sarab@lemonlawgrouppartners.com
eservice@lemonlawgrouppartners.com